UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MIGUEL GUERRERO, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO. |
| | ) | 1:13-cv-10079-DPW |
| | ) | |
| v. | ) | |
| | ) | |
| KELLY RYAN, | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER
July 24, 2015

Petitioner Miguel Guerrero, a state prisoner convicted of trafficking over twenty-eight grams of cocaine and of a controlled substance violation within one hundred feet of a public park, seeks a writ of habeas corpus under 28 U.S.C. § 2254 after unsuccessfully appealing his convictions in Massachusetts state court. He contends that an array of alleged constitutional errors, individually and collectively, justifies his release from state custody. Finding that six of the grounds asserted are procedurally defaulted and the remaining two are without merit, I will deny the petition for writ of habeas corpus.

## I. BACKGROUND

The facts that the jury could have found in support of its verdict as well as the procedural history of the case are as follows:

### A.   *Indictment and Pretrial Proceedings*

On June 21, 1999, Guerrero was indicted for selling over twenty-eight grams of cocaine to an undercover police officer within one hundred feet of a public park and for possession of a falsely made license to operate a motor vehicle. *Guerrero* v. *MacEachern*, 2011 WL 1598717, at *1 (D. Mass. Apr. 27, 2011).[1] Defaulting on March, 13, 2000, Guerrero was a fugitive for almost seven years.  On February 26, 2007, he was apprehended and brought to court.

Approximately three weeks later, on March 13, 2007, the Commonwealth informed Guerrero's defense counsel that the white powdery substance purchased from Guerrero had been destroyed by the Narcotics Inspection Unit in August 2005 on the basis of a state trooper's mistaken belief that Guerrero's case had been concluded.

---

[1]   He was also indicted for conspiracy to commit a controlled substance violation.  The prosecution chose not to pursue the conspiracy charge.

**B.    Trial and Sentencing**

Guerrero's trial began on October 9, 2007, in Suffolk Superior Court.  At the start of trial, defense counsel immediately moved to dismiss the charges on account of the Commonwealth's destruction of the evidence in question: the forty-five bags of alleged cocaine that Guerrero was said to have sold to an undercover police officer.  The trial judge denied the motion.

The jury heard testimony that on March 31, 1999, and April 6, 1999, an undercover Massachusetts State Police Trooper, Marion Fletcher, purchased twenty and twenty-five bags of a white powdery substance, respectively, from Guerrero and his accomplice William Figueroa.  Fletcher testified that both transactions occurred approximately fifteen feet away from a park.  Melissa O'Meara, a forensic chemist for the Massachusetts State Police Crime Lab, testified that she analyzed the contents of the purchased bags and determined that the twenty bags of white powder from March 31, 1999, contained 32 grams of 70% pure cocaine.  With respect to the twenty-five bags purchased on April 6, 1999, O'Meara testified that they contained 38.42 grams of 68% pure cocaine.

On October 12, 2007, the jury convicted Guerrero of one count of trafficking in over twenty-eight grams of cocaine, one count of a controlled substance violation within one hundred

feet of a public park, and possession of a falsely made license to operate a motor vehicle.  Guerrero was sentenced to five years and one day for the trafficking conviction, a consecutive term of two and a half years and one day for the public park conviction, and a concurrent term of two and a half years and one day for the falsely made license conviction.

## C.   Post-Trial Proceedings

On October 19, 2007, Guerrero filed a timely notice of appeal of all his convictions, except for the falsely made license conviction.  He also filed a motion for a new trial in the Superior Court on the grounds that "newly discovered evidence," in the form of the opinion of a handwriting expert that the chemist's initials on the cocaine testing computer charts were forged, cast doubt on the justice of his convictions and, in the alternative, that his counsel was ineffective for failing to procure a handwriting analyst in the trial.  On October 30, 2008, Guerrero's motion for a new trial was denied. On November 5, 2008, Guerrero appealed his convictions and the denial of his new trial motion to the Massachusetts Appeals Court.

Guerrero raised eight issues on appeal: 1) that the trial judge erroneously denied his motion to dismiss based upon the destruction of the evidence, 2) that the admission of a photocopy of a certificate of drug analysis violated the best

evidence rule, 3) that the trial judge improperly questioned a witness and advised the Commonwealth as to how to lay a proper foundation, 4) that the evidence was insufficient to support a conviction for distributing a controlled substance within one hundred feet of a public park, 5) that the trial judge erroneously declined to give a jury instruction on missing evidence, 6) that the trial judge's response to a jury question was confusing and prejudicial, 7) that the trial judge erroneously denied his motion for a new trial based upon newly-discovered handwriting evidence and ineffective assistance of counsel, and 8) that the previously enumerated claims, if taken together, would justify a reversal of his conviction.  The Massachusetts Appeals Court addressed each of the contentions on their merits, rejected each, and affirmed his convictions on February 18, 2010. *See Commonwealth* v. *Guerrero*, 922 N.E.2d 179 (Mass. App. Ct. 2010).

Following the Appeals Court's decision, Guerrero filed an application for leave to obtain further appellate review (an "ALOFAR") with the Massachusetts Supreme Judicial Court, claiming that the Appeal Court erred in its rejection of his eight claims.  The Supreme Judicial Court denied further appellate review on March 31, 2010.  *Commonwealth* v. *Guerrero*, 925 N.E.2d 547 (Mass. 2010). Guerrero did not file a petition for certiorari with the United States Supreme Court.

On April 26, 2010, Guerrero filed his first federal petition for habeas corpus. *Guerrero*, 2011 WL 1598717 at *1. He asserted eight grounds for relief: 1) that the destruction of evidence prior to trial violated the Due Process Clause in the Fourteenth Amendment of the United States Constitution, 2) that the admission of a photocopy of a certificate of drug analysis violated the Due Process Clause, 3) that the trial judge assumed the role of the prosecutor in violation of due process, 4) that the evidence was insufficient to support a conviction for distributing a controlled substance within one hundred feet of a public park, thereby violating due process, 5) that the trial judge's decision not to give a jury instruction on destroyed evidence violated due process, 6) that the trial judge's confusing response to a jury question violated the Due Process Clause, 7) that the denial of his motion for a new trial on the basis of handwriting evidence violated due process, and 8) that the cumulative effect of the above errors violated the Due Process Clause. *Id.* at *1-2. These grounds mirrored the grounds raised in the state proceedings, but were each framed in terms of federal constitutional rights.

The Respondent, Duane MacEachern, Superintendent of the Massachusetts Correctional Institution in Shirley, filed a motion to dismiss, contending that six of the eight claims in the petition were unexhausted because Guerrero had not pursued

them in state court as federal constitutional claims. *Id.* at *1. Judge Casper granted the motion to dismiss, ruling that grounds two, three, five, six, seven and eight had not been exhausted. *Id.* at *4. Although many of the facts underlying the claims were the same as those made in state court, raising them in state court as matters of state law did not satisfy the exhaustion requirement. As Judge Casper observed, "'[b]oth the factual and legal underpinnings of [the petitioner's] federal claims' must be presented in the state proceedings." *Id.* at *2 (quoting *Rashad* v. *Walsh*, 300 F.3d 27, 41 (1st Cir. 2002)). While the ways in which a federal issue might be raised in state court are "myriad," *id.* (quoting *Goodrich* v. *Hall*, 448 F.3d 45, 48 (1st Cir. 2006)), a petitioner must give the state courts a full opportunity to resolve any constitutional issues before reaching review in the federal courts. *Id.*

Although finding that Guerrero had exhausted ground one, a due process claim based on the destruction of evidence, and ground four, a due process claim based on the insufficiency of the evidence, Judge Casper held that the other grounds were not exhausted because Guerrero had failed to present the legal underpinning of those claims as federal constitutional claims in state court in any of the myriad acceptable ways.[2] *Id.* (citing

---

[2]   Judge Casper also found Guerrero had failed to present the full factual underpinnings of ground two, the admission of a

*Goodrich*, 448 F.3d at 48).   Since some of the grounds were exhausted and others were not, Guerrero's petition was a "mixed petition," and the petition could not go forward while retaining the unexhausted claims.  *See Rhines* v. *Weber*, 544 U.S. 269, 273-74 (2005).  Judge Casper dismissed the petition without prejudice, allowing Guerrero to return to state court to present the unexhausted claims there.  *Id.* at *3.

In response to Judge Casper's decision that the claims had not been exhausted, Guerrero filed a second motion for a new trial before the Massachusetts Superior Court on May 5, 2011. In it, he put forward eight grounds for a new trial, which are the same eight grounds he had previously asserted in his federal habeas corpus petition, framing each in terms of its violation of a federal constitutional right.  A hearing was held in August 2011, and the Superior Court judge denied the motion.

Following the denial of his second motion for a new trial, Guerrero appealed again to the Massachusetts Appeals Court, asserting that his right to due process under the Fifth and Fourteen Amendments of the United States Constitution was violated by the same eight errors. *Commonwealth* v. *Guerrero*, 978 N.E.2d 106, at *1 (Mass. App. Ct. 2012). The Appeals Court rejected each of Guerrero's claims and affirmed his conviction

---

photocopy of a drug certificate of analysis, before the state court.  *Id.* at *3.

on November 9, 2012. *Id.* at *1-3.  The Appeals Court held that the claims about destruction of evidence and the insufficiency of the evidence as to whether the crime occurred within one hundred feet of a park had previously been argued on the basis of federal constitutional principles, and therefore the motion for a new trial could "not be used to compel the review of issues on which the defendant has already had appellate review." *Id.* at *1 (quoting *Commonwealth v. Balliro*, 437 Mass. 163, 166 (2002)).  The Appeals Court held that the other six issues had not previously been argued as a matter of federal constitutional law on direct appeal or in connection with the first motion for a new trial, and that therefore under Massachusetts law, those issues were procedurally waived.  *Id.*  Having found procedural waiver, the court then considered whether any of the claims should nonetheless be considered due to a "substantial risk of miscarriage of justice."  *Id.*  The court considered the merits of the remaining claims and found that either there was no error and therefore no violation of due process, or that there was no "risk of Federal constitutional error rising to the level of a substantial risk of miscarriage of justice."  *Id.* at * 1-2.  The court therefore concluded that there was no substantial risk of miscarriage of justice through failure to consider these claims due to their procedural waiver.  *Id.*

On November 26, 2012, Guerrero filed an ALOFAR with the
Massachusetts Supreme Judicial Court, alleging the following
eight issues: 1) that the prosecution's destruction of the
evidence prior to trial violated his right to due process under
the Fifth and Fourteenth Amendments of the United States
Constitution, 2) that the introduction into evidence of the
photocopy of the drug certificate was in bad faith and violated
his right to due process under *Brady v. Maryland*, 373 U.S. 83
(1963), 3) that the trial judge assumed the role of prosecutor,
and thereby violated the defendant's right to due process under
*Bracy v. Gramley*, 520 U.S. 899 (1997), 4) that the evidence was
insufficient to support his conviction for trafficking a
controlled substance within one hundred feet of a public park,
thereby violating his right to due process, 5) that the trial
court violated his right to due process when it declined to give
a missing evidence instruction to the jury, 6) that the trial
judge violated Guerrero's due process rights by refusing to
answer a question from the jury concerning prima facie evidence,
7) that it was a violation of the Fifth and Fourteenth
Amendments to deny his new trial motion in light of the
handwriting expert's determination that the drug certificate was
a forgery, and 8) that the cumulative effect of the
aforementioned errors was a separate and distinct violation of
constitutional magnitude, amounting to reversible error.  On

December 19, 2012, the Supreme Judicial Court declined further

appellate review. *Commonwealth* v. *Guerrero*, 979 N.E.2d 1111

(Mass. 2012).

On January 11, 2013, Guerrero filed this petition for a

writ of habeas corpus. On May 9, 2013, Respondent, Kelly Ryan,

Superintendent of the Massachusetts Correctional Institution in

Shirley, filed a motion to dismiss for failure to state a claim

upon which habeas corpus relief can be granted, as well as

failure to exhaust available state remedies as to ground eight

of the petition.  I denied the motion without prejudice on

January 29, 2014, to await reassertion in connection with a

dispositive motion addressing all eight claims.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), "the level of deference owed to a state court

decision [on federal habeas corpus review] hinges on whether the

state court ever adjudicated the relevant claim on the merits or

not." *Junta* v. *Thompson*, 615 F.3d 67, 71 (1st Cir. 2010) (citing

*Clements* v. *Clarke*, 592 F.3d 45, 52 (1st Cir. 2010)).  If the

state court has adjudicated the claim on the merits, a federal

court may not grant a state prisoner habeas relief unless the

state court proceeding "resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of

the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court's legal decision is "contrary to . . . clearly established Federal law" under 28 U.S.C. § 2254(d)(1) if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams* v. *Taylor*, 529 U.S. 362, 413 (2000).  An "unreasonable application" of "clearly established Federal law" occurs "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the . . . prisoner's case."  *Id.* at 407.  Such an application must be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer* v. *Andrade*, 538 U.S. 63, 75 (2003) (citing *Williams*, 529 U.S. at 413, 409).  Indeed, in this circuit, "if it is a close question whether the state decision is in error, then the state decision cannot be an unreasonable application." *McCambridge* v. *Hall*, 303 F.3d 24, 36 (1st Cir. 2002).

Factual determinations under 28 U.S.C. § 2254(d)(2), as previously discussed, are "presumed to be correct" absent "clear and convincing evidence" to the contrary. 28 U.S.C. § 2254

12

(e)(1).  Like the high thresholds present in 28 U.S.C. § 2254 (d)(1), the heavy burden which the petitioner must carry to demonstrate an "unreasonable determination of the facts" is meant to "further the principles of comity, finality, and federalism."  *Dennis* v. *Mitchell*, 354 F.3d 511, 517 (6th Cir. 2003) (quoting *Woodford* v. *Garceau*, 538 U.S. 202 (2003) (internal citations and quotation marks omitted)).

Where a federal claim may have been procedurally defaulted in state court, federal courts must consider whether the procedural default is pursuant to an independent and adequate state procedural rule.  If it is, then federal habeas review is barred unless the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *See Lynch* v. *Ficco*, 438 F.3d 35, 45 (1st Cir. 2006) (quoting *Coleman* v. *Thompson*, 501 U.S. 722, 750 (1991)).

## III. DISCUSSION

Guerrero again sets forth his eight familiar separate grounds as a foundation for his entitlement to federal habeas relief.  First, Guerrero asserts that the prosecution's destruction of the bags of alleged cocaine he sold to an undercover police officer prior to trial violated his due process right to confront the evidence against him.  Second, he

13

contends that the admission of a photocopy of a drug certificate attesting to the contents of the bags as cocaine was a bad faith action and violated due process.  Third, he argues that the trial judge exceeded her authority and violated the Due Process Clause of the United States Constitution when she assumed the role of the prosecutor during trial.  Fourth, he claims that the evidence was insufficient to support his conviction for trafficking a controlled substance within one hundred feet of a public park, thereby violating his right to due process.  Fifth, he maintains that the trial judge erred in refusing to give a missing evidence instruction regarding the drug evidence destroyed by the prosecution.  Sixth, he alleges that the trial judge's answer to a jury question pertaining to prima facie evidence was confusing and prejudicial.  Seventh, he insists that the trial judge erred in denying a new trial when the chemist's handwriting was in question. Eighth, he declares that the cumulative effect of all the aforementioned errors constitute a separate and distinct error, amounting to a violation of due process.

I find six of the claims (grounds two, three, five, six, seven and eight) to have been procedurally defaulted and the remaining two (grounds two and four) to fail on the merits.

**A.   *Grounds Two, Three, Five, Six, Seven, and Eight are Procedurally Defaulted***

Habeas relief is inappropriate "when a state court has reached its decision on the basis of an adequate and independent state-law ground." *Burks* v. *Dubois*, 55 F.3d 712, 716 (1st Cir. 1995).  However, "[t]he question whether a state procedural ruling is adequate is itself a question of federal law." *Hodge* v. *Mendonsa*, 739 F.3d 34, 43 (1st Cir. 2013) (quoting *Beard* v. *Kindler*, 558 U.S. 53, 60 (2009)). A state procedural rule is "adequate" if it is "regularly and consistently enforced by the state courts." *Hodge*, 739 F.3d at 43 (quoting *Pina* v. *Maloney*, 565 F.3d 48, 53 (1st Cir. 2009)).

The Massachusetts Appeals Court found these six issues to be procedurally waived under Massachusetts law because Guerrero failed to raise them as a matter of federal constitutional law on direct appeal or in connection with the first motion for a new trial.  *Guerrero*, 978 N.E.2d 106 at *1.  Where an argument is not raised on direct appeal, federal habeas relief is barred because Massachusetts "regularly enforces the rule that a claim not raised is waived," and therefore the waiver determination is an adequate and independent state ground.  *Logan* v. *Gelb*, 2015 WL 3652606 at *5 (1st Cir. June 15, 2015)(quoting *Gunter* v. *Maloney*, 291 F.3d 74, 79 (1st Cir. 2002)); *see also Coleman* v. *Thompson*, 501 U.S. 722, 729-30 (1991)(Federal habeas relief is

15

barred when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement."). Although a petitioner may still excuse procedural default by demonstrating both cause and prejudice, *Burks*, 55 F.3d at 716, Guerrero has made no such showing here and therefore is not entitled to relief under that exception.

Even if a petitioner has failed to prove cause and prejudice, a habeas court may "nonetheless overlook a procedural default and hear a barred constitutional claim on the merits if its failure to do so would result in a fundamental miscarriage of justice." *Burks*, 55 F.3d at 717. "This is a narrow exception to the cause-and-prejudice imperative, seldom to be used, and explicitly tied to a showing of actual innocence." *Id.* The showing of innocence need not be beyond all reasonable doubt. Rather, "it suffices if the petitioner can show a probability that a reasonable jury would not have convicted but for the constitutional violation." *Id.* at 718.

The Massachusetts Appeals Court found no substantial risk of a miscarriage of justice arising from Guerrero's convictions. *Commonwealth* v. *Guerrero*, 978 N.E.2d 106, at *3. Addressing ground two of Guerrero's petition, concerning the admission of a photocopy of a drug analysis certificate, the Appeals Court held that the lack of a contemporaneous objection based on the best

16

evidence rule or due process when weighed in light of the limited scope of any possible error meant that there was no risk of federal constitutional error rising to the level of a substantial risk of miscarriage of justice. *Guerrero*, 978 N.E.2d 106, *1 (Mass. 2012). Upon consideration of ground three, concerning the trial judge's role in questioning a witness, the justices found that the trial judge had acted impartially when questioning the witness and thus did not contaminate Guerrero's right to a fair trial by assuming the role of a prosecutor. Concluding that ground five, the failure to give a missing evidence instruction, did not "so infect the entire trial that the resulting conviction violate[d] due process," *Cupp* v. *Naughten*, 414 U.S. 141, 147 (1973), the Appeals Court pointed out that the defense counsel did not request the instruction and agreed that it was not necessary. Moreover, even if the defense counsel had requested the instruction, denial of such a request would have been appropriate.

As to ground six, the allegedly confusing answer given by the trial judge to a jury question, the Appeals Court determined that the supplemental jury instruction was accurate, rather than prejudicially unclear, and thus did not contravene due process. Concerning ground seven, that Guerrero was entitled to a new trial on account of a handwriting expert's opinion that the

chemist's signature was forged, the Appeals Court reasoned that "the need for an expert . . . was reasonably apparent at or before the time of trial," *Guerrero*, 978 N.E.2d 106, at *2 (quoting *Guerrero*, 922 N.E.2d 179, at *2), since the documents with the disputed signatures were available to defense counsel before the trial began.   In addition, the defense counsel was able to cross-examine the chemist thoroughly regarding her signatures, an "alternate means of demonstrating [Guerrero's] innocence." *Olszewski* v. *Spencer,* 466 F.3d 47, 57 (1st Cir. 2006) (quoting *California* v. *Trombetta*, 467 U.S. 479, 490 (1984)).   Lastly, the Appeals Court declared ground eight of Guerrero's petition, the claim of cumulative error, to be without merit, since all of the previous claims had not constituted a substantial risk of a miscarriage of justice.

Based upon review of the record before me, I find that Guerrero has not "supplement[ed] the constitutional violation[s] with a 'colorable showing of factual innocence,'" *Burks*, 55 F.3d at 717 (citing *Watkins* v. *Ponte*, 987 F.2d 27, 31 (1st Cir. 1993)), as is required to establish a miscarriage of justice. The claims do little to raise any question as to his guilt, which the jury supportably decided adversely to him based on its determination of admissible evidence during a fairly conducted trial.   Therefore, I find no error in the conclusion of the Massachusetts Appeals Court, and by extension, the Massachusetts

Supreme Judicial Court, that there was no miscarriage of justice
in this case.

**B.   *Ground One: Destruction of Evidence by the Commonwealth***

Guerrero contends that the prosecution's destruction of the
cocaine and the original drug analysis certificate violated his
due process right to confront the evidence against him and thus
requires habeas relief vacating his conviction.

This claim was adjudicated on the merits by the
Massachusetts Appeals Court in *Commonwealth* v. *Guerrero*, 922
N.E.2d 179 (Mass. App. Ct. 2010).  A claim is adjudicated on the
merits when there is a "decision finally resolving the parties'
claims, with res judicata effect, that is based on the substance
of the claim advanced, rather than on a procedural, or other,
ground." *Junta*, 615 F.3d at 72 (citing *Teti* v. *Bender*, 507 F.3d
50, 56 (1st Cir. 2007)).  In this case, the Massachusetts
Appeals Court substantively concluded that Guerrero's seven-year
flight from the law rendered him partially culpable for the
destruction of the evidence, and that the timing of the
destruction – "some five years after the defendant's default and
nearly two years before he was rearrested" – suggested mistake,
not bad faith, upon the part of the prosecution.  These
findings, coupled with the "speculative potential for
exculpation of the defendant," prompted the Appeals Court to
hold that the trial judge's decision to reject dismissal of the

19

case was well within the bounds of her discretion. *Guerrero*, 922 N.E.2d 179 at *1. Guerrero has not presented any facts demonstrating that the Massachusetts Appeals Court's conclusion, or the Supreme Judicial Court's affirmation of it, was improper.

Indeed, under 28 U.S.C. § 2254, an "unreasonable application" of "clearly established Federal law" must not be merely incorrect or erroneous, but must also be objectively unreasonable. *Lockyer* v. *Andrade*, 538 U.S. at 75 (2003) (citing *Williams*, 529 U.S. at 413, 409). Although the Supreme Court established in *Brady* v. *Maryland* that a defendant has a "due process right to request and receive evidence that the government possesses which is material to his guilt or punishment," *Olszewski*, 466 F. 3d at 55 (quoting *United States* v. *Femia*, 9 F.3d 990, 993 (1st Cir. 1993)), it also refined this principle in *California* v. *Trombetta*, 467 U.S. 479 (1984), and *Arizona* v. *Youngblood*, 488 U.S. 51 (1988), holding that while to be actionable "the destruction of 'apparently exculpatory' evidence does not require a showing of bad faith," nevertheless, "if the evidence is only 'potentially useful,' a bad-faith showing is required" to prove a due process violation. *Olszewski*, 466 F.3d at 56. Thereafter, in *Illinois* v. *Fisher*, in which the defendant, like Guerrero, remained a fugitive for many years, and when finally captured learned that the cocaine evidence against him had been destroyed by the police, the

Supreme Court concluded that the cocaine was only "potentially useful evidence" and that the prosecution had not destroyed the cocaine in bad faith. *Illinois* v. *Fisher*, 540 U.S. 544, 548 (2004).

In light of *Illinois* v. *Fisher*, Guerrero could not demonstrate bad faith upon the part of the Commonwealth nor show the cocaine and drug certificate evidence to have been "apparently exculpatory." Accordingly, the Massachusetts Appeals Court was not objectively unreasonable in determining that the prosecution's destruction of the evidence did not involve a due process violation.

## C.   *Ground Four: Insufficient Evidence to Support Conviction for Trafficking a Controlled Substance within One Hundred Feet of a Public Park*

Guerrero alleges that there was insufficient evidence to support his conviction for trafficking a controlled substance within one hundred feet of a public park. In particular, he asserts that the witness' testimony about both the distance to and the existence of a public park was deficient because the witness never measured the distance and only relied on a posted sign to determine that the area was a park. He declares that such defective evidence entitles him to habeas relief.

Like ground one, discussed above, this claim was also adjudicated on the merits by the Massachusetts Appeals Court. The Appeals Court reasoned that eyewitness testimony, as well as

an unobjected-to photograph of the park's sign, was sufficient
to support the conviction of trafficking a controlled substance
within one hundred feet of a public park.

Under *Jackson* v. *Virginia*, "evidence is sufficient to
support a conviction so long as 'after viewing the evidence in
the light most favorable to the prosecution, *any* trier of fact
could have found the essential elements of the crime beyond a
reasonable doubt.'" *Cavazos* v. *Smith*, 132 S. Ct. 2, 6 (2011)
(quoting *Jackson* v. *Virginia*, 443 U.S. 307, 319 (1979)).  "[A]
reviewing court 'faced with a record of historical facts that
supports conflicting inferences must presume – even if it does
not affirmatively appear in the record – that the trier of fact
resolved any such conflicts in favor of the prosecution, and
must defer to that resolution.'" *Cavazos*, 132 S. Ct. at 6
(quoting *Jackson*, 443 U.S. at 326).

During the trial, Trooper Fletcher, the undercover officer
who purchased the cocaine from Guerrero, testified that the drug
transactions took place approximately fifteen feet away from
Highland Park in Roxbury, Massachusetts.  She based her
determination upon her fifteen years of experience as a
Massachusetts State Trooper, her knowledge of the width of a
typical side street, and her own proximity to the park as she
sat in her undercover vehicle.  In addition, she testified that
the photograph of the sign purportedly in the park was an

accurate representation of the sign she saw while conducting her transaction with Guerrero.

Trooper Fletcher's testimony, as well as her verification of the photograph of the sign, could easily have been credited by a jury as constituting sufficient evidence to convict Guerrero of trafficking a controlled substance within one hundred feet of a park.  Indeed, a reviewing court must logically conclude, in light of the verdict, that the jury believed Trooper Fletcher's testimony and resolved the question in the prosecution's favor.  *Cavazos*, 132 S. Ct. at 6.  This court may only reverse a jury's verdict if it is "premised upon 'evidentiary interpretations and illations that are unreasonable, insupportable, or overly speculative.'"  *U.S.* v. *Connolly*, 341 F.3d 16, 22 (1st Cir. 2003) (quoting *U.S.* v. *Czubinski*, 106 F.3d 1069, 1073 (1st Cir. 1997)).  Guerrero has not set forth any compelling reason why the jury's assessment of the evidence was irrational.  The state courts were correct to conclude that the assessment finds substantial support in the record.  Thus, Guerrero's conviction for trafficking a controlled substance within one hundred feet of a public park does not violate due process.

## IV. CONCLUSION

For all the reasons set forth above, this petition for habeas corpus relief is DENIED.  Finding the petition has not

made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability.  *See generally* 1st Cir. Local Rule 22.0.


**/s/ Douglas P. Woodlock**
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE